IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, *as trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2007-KS2,* <br><br> Plaintiff, <br><br> v. <br><br> **EMMA MAXINE MCCORMICK and MARTIN L. MCCORMICK,** <br><br> Defendants. | § § § § § § § § § § § § § § | Civil Action No. **3:17-CV-1704-L** |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion for Default Judgment Against Defendants Emma Maxine McCormick and Martin L. McCormick ("Motion") (Doc. 10), filed August 3, 2017. After considering the Motion, record, and applicable law, the court **grants** Plaintiff's Motion for Default Judgment Against Defendants Emma Maxine McCormick and Martin L. McCormick ("Motion") (Doc. 10) to the extent set forth in this order.

**I.    Background**

Plaintiff U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2007-KS2 ("US Bank" or Plaintiff") filed this action on June 28, 2017, based on diversity jurisdiction and the requisite amount in controversy, against Defendants Emma Maxine McCormick and Martin L. McCormick ("Defendants"). Plaintiff seeks a declaratory judgment to judicially foreclose on Defendants' real property ("Property") located at 3956 Happy Canyon Circle, Dallas, Texas, 75241.

**Memorandum Opinion and Order – Page 1**

Plaintiff also seeks attorney's fees, including any incurred on appeal, and costs of suit, as provided by the Note and Deed of Trust. In its Complaint, Plaintiff alleges as follows regarding the parties' respective contractual rights, obligations, and performance under the Note and Deed of Trust with respect to the Property:

> 10. On or about September 14, 2006 for value received, Martin McCormick executed that certain Texas Home Equity Fixed/Adjustable Rate Note ("Note") in the original principal sum of $119,600.00 bearing interest at the rate of 6.95% per annum.
>
> 11. The Note is secured by that certain Homestead Lien Contract and Deed of Trust ("Security Instrument") of even date therewith, signed by the McCormicks filed for record in the Official Public Records of Dallas County, Texas, creating a valid lien on improved real property in Dallas County, Texas, commonly known as 7606 Beverly Drive, Rowlett, Texas 75089 and being further described as follows:
>
> > BEING LOT 4, IN BLOCK B, OF PRINCETON POINTE PHASE I-A REPLAT, AN ADDITION TO THE CITY OF ROWLETT, TEXAS, ACCORDING TO THE MAP THEREOF RECORDED IN VOLUME 86140, PAGE 2658, OF THE MAP RECORDS OF DALLAS COUNTY, TEXAS. (the Property").
>
> 12. Under the terms of the Note and Security Instrument, the McCormicks required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.
>
> 13. The Note and Security Instrument further provide that should the McCormicks fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the agreement.
>
> 14. The McCormicks have failed to make the payments on the Note and has failed to comply with any and all of the covenants and conditions under the terms of the Security Instrument. Notice of default and intent to accelerate was provided to the McCormicks. The McCormicks not cured the default. As the default has not been cured, all unpaid principal and accrued interest on the Note have been accelerated and are due and payable at this time.

> 15. US Bank files this current lawsuit as the current beneficiary of the deed of trust and owner of the home equity loan.
>
> 16. Plaintiff asserts a cause of action for judicial foreclosure against the McCormicks. US Bank is the current beneficiary of the deed of trust and owner of the home equity loan. US Bank has fully performed its obligations under the loan agreement; however, the McCormicks failed to make the payments required under the Note, which constitutes an event of default thereunder.
>
> 17. The Security Instrument permits US Bank to foreclose the Property should there be an event of default on the Note. Accordingly, US Bank seeks judgment in its favor and an order allowing foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002, or alternatively, a judgment foreclosing on the lien and an order for sale.
>
> 18. US Bank has been forced to hire the undersigned attorneys to pursue this claim; US Bank is therefore entitled to and seeks judgment against the McCormicks for its reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Note and Security Instrument and by statute. TEX. CIV. PRAC. & REM. ANN. § 38.001(8). US Bank seeks an award as a further obligation on the loan and not as a money judgment.

Pl.'s Compl. ¶¶ *Id.* at 10-18. On August 3, 2015, Plaintiff moved for entry of default and default judgment against Defendants to allow it to foreclose on the Property and requests an award of reasonable attorneys' fees and costs of suit against Defendants.

## II.     Discussion

### A.     Default and Judicial Foreclosure

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir.1996). The clerk of the court entered a default against Defendants on August 3, 2017.

According to the Proofs of Service filed by Plaintiff, Defendants were served on July 6, 2017. Thus, Defendants' deadline for filing an answer or otherwise responding to the Complaint was July 28, 2017. Defendants, by failing to answer or otherwise respond to Plaintiff's Complaint, have admitted the well-pleaded allegations of the Complaint and are precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, a defendant may not contest the "sufficiency of the evidence" on appeal but "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.* (citation omitted).

Based on the well-pleaded allegations of Plaintiff s Complaint, which the court accepts as true, and the record in this action, the court determines that Defendants defaulted under the Note as set forth in the Complaint by failing to make payments under the Note. Further, the court determines, based on the evidence submitted by Plaintiff, that Defendants are not infants, mentally incompetent persons, or members of the United States military. Based on these allegations, the court concludes that Plaintiff is entitled to a default judgment against Defendants and an order permitting judicial foreclosure of the Property. Accordingly, Plaintiff is entitled to foreclose on the Property through judicial means in accordance with the Note and Security Instrument and applicable Texas law.[*]

---

[*] Plaintiff seeks other relief in its Motion that is not supported by the Complaint or the evidence submitted by Plaintiff in support of its Motion. The proposed default judgment submitted by Plaintiff states: "It is further, ORDERED, ADJUDGED AND DECREED that the following are secured by the Security Instrument on the Property: the outstanding balance of the Note, including attorneys' fees; pre-judgment interest; post-judgment interest; and costs of court." Proposed Default J. 2 (Doc. 10-2). There are no factual allegations in the Complaint, however, to support inclusion of such language in this order or the default judgment to be entered by the court, and the court was not provided with a copy of the Security Instrument or other evidence from which it can determine whether such matters are secured by the Security Instrument on the Property. Thus, the default judgment entered by the court will not include this language.

**Memorandum Opinion and Order – Page 4**

Accordingly, Plaintiff may proceed with the foreclosure of the Property located at 7606 Beverly Drive, Rowlett, Texas 75089, which is described as: "LOT 4, IN BLOCK B, OF PRINCETON POINTE PHASE I-A REPLAT, AN ADDITION TO THE CITY OF ROWLETT, TEXAS, ACCORDING TO THE MAP THEREOF RECORDED IN VOLUME 86140, PAGE 2658, OF THE MAP RECORDS OF DALLAS COUNTY, TEXAS." Pl.'s Compl. ¶ 11. The foreclosure **shall** proceed in accordance with the Note, Security instrument, and the Texas Property Code applicable to judicial foreclosures. Plaintiff **shall** provide to Defendants by certified mail a copy of this order, the corresponding judgment, and notice of the foreclosure sale. Any notices regarding the foreclosure of the Property to Defendants shall be mailed to them at 7606 Beverly Drive, Rowlett, Texas 75089. Plaintiff may communicate with Defendants and all third parties reasonably necessary to conduct the foreclosure sale.

    **B.    Attorney's Fees and Costs**

Plaintiff's request for an award of attorney's fees is made pursuant to Texas Civil Practice and Remedies Code Chapter 38 and the terms of the loan documents that were executed by Defendants. Section 38.001 of the Texas Civil Practice and Remedies Code, which authorizes awards of attorney's fees on breach of contract and other claims, is not applicable to this declaratory judgment action, but the allegation in the Complaint that US Bank seeks reasonable attorney's fees "as provided by the Note and Security Instrument" signed by Defendants provides a sufficient contractual basis for awarding attorney's fees. Pl.'s Compl. ¶ 18. The court does not have before it any documentation supporting a request for a specific amount of attorney's fees and the amount of attorney's fees being sought is unclear. Accordingly, the court will consider the issue of attorney's fees postjudgment pursuant to Federal Rule of Civil Procedure 54(d)(2).

## III. Conclusion

For the reasons explained, the court **grants** Plaintiff's Motion for Default Judgment Against Defendants Emma Maxine McCormick and Martin L. McCormick (Doc. 10) to the extent herein set forth; **grants** US Bank's request for judicial foreclosure; and **allows** Plaintiff to **proceed** with the foreclosure of the Property in accordance with the Note, Deed of Trust, and the Texas Property Code applicable to judicial foreclosure. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, the court will enter a default judgment by separate document. The court will consider the issue of attorney's fees postjudgment pursuant to Federal Rule of Civil Procedure 54(d)(2).

**It is so ordered** this 8th day of March, 2018.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge