IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, § <br> AS TRUSTEE FOR RESIDENTIAL § <br> ASSET SECURITIES CORPORATION, § <br> HOME EQUITY MORTGAGE § <br> ASSET-BACKED PASS-THROUGH § <br> CERTIFICATES, SERIES 2007-KS2, § <br>         Plaintiff, § <br> § <br> v. § <br> § <br> EMMA MAXINE MCCORMICK and, § <br> MARTIN L. MCCORMICK § <br>         Defendants. § | | Civil Action No. 3:17-CV-1704-L (BH) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By order of reference dated March 23, 2018 (doc. 15), before the court is *Plaintiff's Motion for Attorneys' Fees*, filed March 22, 2018 (doc. 14). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

On June 28, 2017, U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Services 2007-KS2 (Plaintiff), filed suit against Emma Maxine McCormick and Martin L. McCormick (Defendants) to judicially foreclose on real property located at 3956 Happy Canyon Circle, Dallas, Texas, 75241 (Property). (doc. 1 at 3.)[1] It argued that foreclosure was required to protect its interest in the Property under a Note and Deed of Trust executed by Defendants. (*Id.*)

On August 3, 2015, Plaintiff moved for entry of default and default judgment against

---

[1] Citations to the record refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

Defendants. (doc. 10 at 3.) Plaintiff also requested an award of reasonable attorneys' fees and costs under Texas Civil Practice and Remedies Code Chapter 38, as well as under the terms of the loan documents executed by Defendants. (*Id.*)

On March 8, 2018, the court entered default judgment against Defendants. (doc. 13.) It found that "Section 38.001 of the Texas Civil Practice and Remedies Code, which authorizes awards of attorney's fees on breach of contract and other claims, is not applicable to this declaratory judgment action,[2] but the allegation in the Complaint that US Bank seeks reasonable attorney's fees 'as provided by the Note and Security Instrument' signed by Defendants provides a sufficient contractual basis for awarding attorney's fees." (doc. 12 at 5.) There was insufficient "documentation supporting a request for a specific amount of attorney's fees and the amount of attorney's fees being sought [was] unclear," however. (*Id.*) The court concluded that it would consider the issue of attorneys' fees under Federal Rule of Civil Procedure 54(d)(2). (*Id.*)

On March 22, 2018, Plaintiff filed its motion for attorneys' fees under Federal Rule of Civil Procedure 54(d)(2).[3] (doc. 14.) This motion is now ripe for recommendation.

## II.  ANALYSIS

It is the burden of the party moving for default judgment "to provide an evidentiary basis for

---

[2] Section 38.001(8) of the Texas Civil Practices & Remedies Code allows the recovery of reasonable attorneys' fees from an individual or corporation "if the claim is for . . . an oral or written contract." The court found that Plaintiff did not show or explain how this provision was applicable to this declaratory action, in which there was no allegation of a breach of contract. *See U.S. Bank Nat'l Ass'n for Residential Asset Sec. Corp., Home Equity Mortg. Asset-Backed Pass-Through Certificates, Series 2007-KS2 v. McCormick*, No. 3:17-CV-1704-L, 2018 WL 1210555, at *3 (N.D. Tex. Mar. 8, 2018) (finding that the mortgage creditor could not recover attorneys' fees under § 38.001 because it was "not applicable to this declaratory judgment action," but it could recover under the loan documents because they "provide[d] a sufficient contractual basis for awarding attorney's fees").

[3] Though Plaintiff does not expressly cite Rule 54(d) in support of the motion for attorneys' fees, the court permitted it to pursue its attorneys' fees in accordance with Rule 54(d). Moreover, its request for fees was made by motion filed less than fourteen days after the entry of judgment in its favor on its claims as provided by subsection (2) of Rule 54(d).

the damages it seeks." *Halff Assocs., Inc. v. Warner Pac. Props. LLC*, 2008 WL 3874673, at *2 (N.D. Tex. Aug. 13, 2008). If the moving party also seeks attorneys' fees, "it must prove both the amount of the fees and the reasonableness of the fees, subject to court inquiry." *Ctr. Capital Corp. v. M.B. Bender Co.*, No. A-09-CV-469-SS, 2009 WL 3834335, at *1 (W.D. Tex. Nov. 13, 2009) (citing *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148(10th Cir. 1985)).

### A.     Application of Texas Law

"It is a long-recognized principle that federal courts sitting in diversity cases[, such as this one], 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer,* 380 U.S. 460, 465 (1965)). An award of attorneys' fees is governed by state substantive law. *Chevron USA, Inc. v. Aker Maritime Inc.*, 689 F.3d 497, 505 (5th Cir. 2012) (quoting *Mathis v. Exxon Corp.,* 302 F.3d 448, 461 (5th Cir. 2002)). Federal procedure, however, requires that claims for attorneys' fees generally be made by motion filed within 14 days of the entry of judgment pursuant to Federal Rule of Civil Procedure 54(d)(2). *United Industries, Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir. 1996); *see also Evanston Ins. Co. v. Graves*, 3:13-CV-959-D, 2013 WL 4505181, *1 (N.D. Tex. Aug. 23, 2013) ("Rule 54(d) does not create a substantive right to attorney's fees. It is a procedural rule that provides that a claim for attorney's fees and related nontaxable expenses is to be made by motion..."); *CSMG Technologies, Inc. v. Allison*, No. 4:07-CV-0715, 2009 WL 2242351, *3 n. 20 (S.D. Tex. July 24, 2009) (party seeking attorney's fees under Texas law in a diversity case must still follow federal procedural rules).

Texas law is applicable to the award of attorneys' fees in diversity cases like this one. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, a party may recover

3

attorneys' fees only when allowed by statute or contract. *1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 382 (Tex. 2011) (citing *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.,* 299 S.W.3d 106, 120 (Tex. 2009)); *Tony Gullo Motors I, L.P. v. Chapa,* 212 S.W.3d 299, 310-11 (Tex. 2006). More specifically, attorneys' fees may be recovered under mortgage contracts. *See Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1040 (5th Cir. 2014) (analyzing Texas law to determine that motions for attorneys' fees provided by mortgage contracts are permissible); *Velazquez v. Countrywide Home Loans Servicing*, 660 F.3d 893, 899 (5th Cir. 2011) (recognizing the recovery of attorneys' fees under a deed of trust).

B.  **Reasonable Attorneys' Fees**

Plaintiff seeks a post-judgment award of "reasonable and necessary" attorneys' fees "in the amount of $2,633.00, that it has incurred in enforcing its interest in the subject property as a result of Defendants' default under the Note and Deed of Trust agreement between the parties." (doc. 14 at 2.)

"Although courts should consider several factors when awarding attorney's fees, a short hand version of these considerations is that the trial court may award those fees that are 'reasonable and necessary' for the prosecution of the suit." *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991). In *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997), the Texas Supreme Court identified the following factors to determine the reasonableness of attorney's fees:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
>
> (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Id.* at 818 (citing TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(b)). The fee applicant is not required to present evidence on all of the factors, however. *Weaver v. Jamar*, 383 S.W.3d 805, 814 (Tex. App.–Houston [14th Dist.] 2012, no pet.). "The trial court may also consider the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties." *Id.*

In Texas, uncontroverted attorney testimony or an affidavit testifying to the attorney's qualifications, reasonableness of the attorney's fees, and the basis for the opinion may be sufficient to support an award of attorneys' fees. *See Clary Corp. v. Smith*, 949 S.W.2d 452, 469 (Tex. App.–Fort Worth 1997, no writ) ("Where . . . trial counsel's testimony concerning attorneys' fees is clear, positive and direct, and uncontroverted, it is taken as true as a matter of law. This is especially true where the opposing party had the means and opportunity of disproving the testimony, if it were not true, and failed to do so."). "The court, as a trier of fact, may award attorneys' fees *as a matter of law* in such circumstances, especially when the opposing party has the means and opportunity of disproving the testimony or evidence and fails to do so." *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990) (emphasis added).

Here, Plaintiff submits a declaration from its counsel, as well as its corresponding billing records. (*See* doc. 14-1.) The attorney's declaration and the billing records set out the hourly rates for the individuals who worked on the case (*see id.* at 8-10), state that their rates are reasonable based on their skills and experience (*see id.* at 2-6), and opine that the fees incurred are reasonable and necessary (*see id.* at 2-3). The affidavit states that "the sum of $2,633.00 are reasonable attorneys' fees for prosecuting [Plaintiff's'] claims for the enforcement of its interest in certain real property as a result of Defendants' default of under the Note and Deed of Trust agreement between the parties." (*Id.* at 3.) Under Texas law, Plaintiff's evidence is "legally sufficient" for an award of attorneys' fees. *See In re Estate of Tyner*, 292 S.W.3d 179, 184 (Tex. App–Tyler 2009, no pet.) ("attorney swore under oath that he is a licensed attorney, he is familiar with the reasonable and necessary attorney's fees charged for appeals in civil actions such as this case, he has personal knowledge of the services rendered to [the party] in this matter, and those services were reasonable, necessary, and customary. Thus, [the party's] attorney's affidavit sufficiently established reasonable attorney's fees and is legally sufficient to support the trial court's award of attorney's fees."). The amount of attorneys' fees Plaintiff seeks is reasonable as a matter of law.[4] *See Ragsdale*, 801 S.W.2d at 882. Its motion should therefore be granted.

### III. RECOMMENDATION

Plaintiff's motion for attorneys' fees should be **GRANTED**.

---

[4] Plaintiff did not provide copies of the Note or the Deed of Trust or cite the relevant language from the mortgage documents on the recovery of its attorneys' fees, so the record does not reflect how those agreements define the attorneys' fees to which Plaintiff is entitled. Nevertheless, as noted, the court has already determined that the undisputed "allegation in the Complaint that US Bank seeks reasonable attorney's fees 'as provided by the Note and Security Instrument' signed by Defendants provides a sufficient contractual basis for awarding attorney's fees," (doc. 12 at 5), so the only issue now before the court is the amount of "reasonable attorneys' fees" to which it has established entitlement.

**SO RECOMMENDED on this 15th day of October, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE